JOHN I. HANSON, RESPONDENT, v. PENNSYLVANIA RAIL-
ROAD COMPANY, APPELLANT.

Submitted March 24, 1905—Decided June 12, 1905.

1. On appeal from a District Court, only the determination of that
   court in point of law, or upon the admission or rejection of evi-
   dence, as such determination is shown by the state of the case,
   can be reviewed in this court.
2. This court will not review matters which, although they appear
   in the state of the case, are not referred to in the argument or
   brief presented on behalf of the appellant.
3. On the evidence in this case the District Court was justified in
   refusing to nonsuit the plaintiff on the grounds mentioned by the
   defendant's counsel.

On appeal from the First District Court of Jersey City.

Before Justices DIXON, GARRISON and SWAYZE.

For the respondent, *George W. Flaacke* and *George W. Rurode.*

For the appellant, *Vredenburgh, Wall & Van Winkle.*

The opinion of the court was delivered by

DIXON, J. This is an appeal from the First District Court
of Jersey City, rendered on a verdict in favor of the plaintiff.
On such an appeal, only the determination of the District
Court "in point of law or upon the admission or rejection of
evidence" is reviewable (*Pamph. L.* 1902, *p.* 565), and the
determination alleged to be erroneous must appear by a state
of the case agreed on by the parties or settled by the judge of
the District Court. The case now before us was settled by the
judge.

The record discloses that some evidence offered by the
plaintiff was received and some offered by the defendant was
excluded, against the defendant's objection, but as the rulings
of the court on those matters are not referred to in the brief

submitted to us on behalf of the defendant, they need not be considered.

The only determination of the court below which calls for review is the refusal of the court to nonsuit the plaintiff.

The action was brought to recover damages for unwarrantable delay by the defendant in delivering at Jersey City crabs that had been shipped at Princess Anne, Maryland, for transportation via the New York, Philadelphia and Norfolk railroad to Philadelphia, and thence via the defendant's railroad, as a connecting line, to Jersey City. The grounds of the motion to nonsuit were—*first,* that the plaintiff had failed to show that there was any delay on the defendant's line; *second,* that he had failed to show that the crabs were in good condition when received by the defendant, or were not in good condition when they left the defendant's custody; and *third,* that no notice of the plaintiff's claim had been filed with the defendant, "according to the agreement made in shipping the goods."

Respecting the first point, there was evidence tending to prove that the plaintiff had been shipping crabs over the same route for several years; that the defendant's freight train, by which the crabs were brought, was scheduled to arrive at Jersey City at one o'clock in the morning, and ordinarily arrived between midnight and two o'clock in the morning, and that on the occasions complained of, being from August 12th to August 24th, 1904, the train arrived at various hours between eight o'clock in the morning and four o'clock in the afternoon. It also appeared that on these occasions the crabs left Princess Anne within forty minutes after the usual time of departure. On this evidence it was permissible to infer that the defendant's train, being a scheduled train, left Philadelphia on, or nearly on time, with the crabs on board, and that the delay in delivery at Jersey City occurred on its line.

As to the second point, the evidence was that the crabs were shipped at Princess Anne in good condition, packed in the usual manner; that crabs so packed reached Jersey City in good condition if the train came in on time, and that on the occasions in question the crabs were not in good condition on

arrival, many of them being dead. The delay during the heat of August would reasonably account for the deterioration.

On these two points, we think the matters in issue were for the jury.

Respecting the third point, it is enough to say that the state of the case discloses no agreement requiring the notice mentioned.

The motion for nonsuit was properly denied.

Other matters discussed in the brief of counsel for the defendant do not appear to have been the subject of any determination by the court below, and hence are not open for review here.

The judgment of the District Court should be affirmed.