LILLIAN SHARP, PROSECUTOR, v. ALGERNON T.
SWEENEY, JUDGE OF THE FIRST CRIMINAL
COURT OF THE CITY OF NEWARK.

Submitted December 21, 1906—Decided February 25, 1907.

1. The act of March 7th, 1895 (*Pamph. L., p.* 194; *Gen. Stat., p.*
2496), by reason of its provision conferring jurisdiction over
violations of city ordinances contained in sections 3 and 10, and
the provision as to the form of conviction contained in section 7,
is not in contravention of the constitutional prohibition that
"every law shall embrace but one object, and that shall be ex-
pressed in the title."
2. On *certiorari* this court will not review matters which are not
referred to in the arguments or briefs presented by counsel.

On *certiorari*.

Before Justices HENDRICKSON, SWAYZE and TRENCHARD.

For the prosecutor, *McDermit & McDermit.*

For the defendant, *Malcolm MacLear* and *Frederick A.
Lehlbach.*

The opinion of the court was delivered by

TRENCHARD, J.   This writ brings before this court for re-
view a conviction in the First Criminal Court of the city of
Newark.

The prosecutor, Lillian Sharp, was convicted of a violation
of section 445 of the ordinances of the city of Newark.

The only reason relied upon for reversal is the alleged
unconstitutionality of the statute under which the proceed-
ings which resulted in the conviction was alleged to have been
instituted.

Inasmuch as the form of the conviction is insufficient at
common law, and can only be sustained under section 7 of an
act of the legislature, entitled "A supplement to an act enti-

tled 'An act to provide for the appointment of police justices in cities of the first class,' passed May eighteenth, one thousand eight hundred and ninety-four," approved March 7th, 1895 (*Pamph. L., p.* 195; *Gen. Stat., p.* 2497), and which is the act under which the conviction in question is alleged to have been had, it becomes necessary to examine the question of the constitutionality of that act.

The only reason urged in the argument and brief of the prosecutor against the constitutionality of the act is that it is in contravention of the constitutional prohibition that "every law shall embrace but one object, and that shall be expressed in the title."

The title of the act is "A supplement to an act entitled 'An act to provide for the appointment of police justices in cities of the first class,' passed May eighteenth, one thousand eight hundred and ninety-four."

The act embraces in its provision regulations as to jurisdiction and procedure; among others, by sections 3 and 10, jurisdiction is conferred over violations of city ordinances, and by section 7 a form of conviction is prescribed.

The argument of the prosecutor is, as we understand it, that such regulations of jurisdiction and procedure are foreign to the object of the law.

To warrant the conclusion that the enactment under consideration is unconstitutional, the mind of the court should be free from doubt on the subject. In the language of Chief Justice Marshall: "The opposition between the constitution and the law should be such that the judge feels a clear and strong conviction of their incompatibility with each other." *Fletcher* v. *Peck,* 6 *Cranch* 87, 128.

Referring to the very constitutional objection now under consideration, Chief Justice Beasley said, in *State* v. *Hammer,* 13 *Vroom* 435, 438, that it is only in perfectly plain cases that it is proper for the courts to vacate statutes on that ground.

The provisions in question are not, in our judgment, liable to the objection. The constitution itself gives the reason for the requirement that every law shall have but one object, and

that shall be expressed in the title. It is to avoid the evil of intermingling in one act things which have no proper relation to each other. That requirement is not violated by the enactment under consideration. The grant of jurisdiction to the police justices over violations of city ordinances and the regulation of the procedure contained in the seventh section is not only foreign to the object of the act, but is manifestly cognate to it. The instances in which such legislation has been upheld are numerous. *Payne* v. *Mahon,* 15 *Vroom* 213; *McGuire* v. *Doscher,* 36 *Id.* 139; *Boorum* v. *Connelly,* 37 *Id.* 197, and cases there cited.

We wish to be understood as expressing no opinion as to the constitutionality of the act or the legality of the conviction in any other aspect than the one herein considered.

No other objections were raised in the arguments or briefs of counsel and no others will be considered. *Hanson* v. *Pennsylvania Railroad Co.,* 43 *Vroom* 407.

The conviction should be affirmed, with costs.