## THE TREASURER OF THE CITY OF ELIZABETH v. NELLIE LYTTON, PROSECUTOR.

Submitted July 5, 1912—Decided December 13, 1912.

1. An ordinance declaring that "Any person \* \* \* who shall publicly \* \* \* perform, or cause to be publicly \* \* \* performed, in any place whatever, for any price, gain or reward, any \* \* \* dancing, \* \* \* feats of uncommon dexterity and agility of the body, \* \* \* and any \* \* \* person having possession or care of any building \* \* \* who shall permit any performance of any kind in such building \* \* \* without first having obtained license for that purpose, shall be liable to a fine of fifty dollars for every offence," applies to an individual performer who may be hired to help make up an exhibition.

2. On *certiorari*, the Supreme Court need not consider matters which, although they appear in the state of the case, are not referred to in the argument or brief presented on behalf of the prosecutor.

---

On *certiorari*.

Before Justices TRENCHARD, PARKER and MINTURN.

For the prosecutor, *Abe J. David*.

For the defendant, *James C. Connolly*.

The opinion of the court was delivered by

TRENCHARD, J.    The prosecutor, Nellie Lytton, was convicted in the Elizabeth police court of publicly "dancing and performing feats of uncommon dexterity and agility of the body," for gain or reward, in a hall in Elizabeth, without first having obtained a license for that purpose, contrary to section 190 of an ordinance of that city.

The writ brings under review the legality of that conviction.

Many reasons for reversal were filed, but counsel for the prosecutor has condensed them into one proposition which he has thus expressed in his brief:  "The ordinance is meant to apply, not to any individual performer or performers who may be hired to help make up a show or exhibition, but to the person or persons directly responsible for the performance or exhibition, either by presenting it or furnishing the place for its presentation."  That is the only reason argued, and we think there is no merit in it.

The ordinance alleged to have been violated provided:

"Section 190. Any person  *  *  *  who shall publicly *  * · *  perform, or cause to be publicly  *  *  *  performed, in any place whatever, for any price, gain or reward, any  *  *  *  dancing,  *  *  *  feats of uncommon dexterity and agility of the body,  *  *  *  and any  *  *  * person having possession or care of any building  *  *  * who shall permit any performance of any kind in such building  *  *  *  without first having obtained license for that purpose, shall be liable to a fine of fifty dollars for every offence."

We think that a consideration of the language of the ordinance renders it quite plain that it applies to an individual performer who may be hired to help make up an exhibition, as well as to the proprietor of the place of the performance.

No doubt, under it, a license obtained by the proprietor of the place for the entire performance would protect any individual performer.  But this latter question does not call for decision in this case, since no license was obtained or applied for by any person for the performance either in whole or in part.

We wish to be understood as expressing no opinion as to the legality of the conviction, or the ordinance, in any other aspect than that herein considered. No other objection was raised in the argument or brief presented by counsel, and no other need be considered. *Sharp* v. *Sweeney,* 65 *Atl. Rep.* 859.

The conviction will be affirmed, with costs.