JAMES A. MacEVOY AND WILLIAM REGAN, PROSECUTORS, v. BOROUGH OF BERGENFIELD, RESPONDENT.

Submitted November 4, 1927—Decided February 16, 1928.

Before Justices TRENCHARD, KALISCH and KATZENBACH.

For the prosecutors, *Clarence Mabie*.

For the respondent, *James S. De Turck*.

PER CURIAM.

This writ brings before the court for review of certain assessment made by the commissioners of assessment of the borough of Bergenfield for the improvement of the shoulders of Washington avenue in the borough in conjunction with the county improvements of the center of that highway, all as more particularly set forth in an ordinance designated ordinance No. 257 of the borought of Bergenfield.

The prosecutors have assigned twenty reasons for setting aside the assessment in question, but, according to their brief, have abandoned a majority of them. Furthermore, there are no facts in the state of the case to support reasons numbered 1, 2, 7, 8, 10, 11, 12, 13, 14, 15, 16, 17 and 18, neither are these reasons argued in the brief of the prosecutors.

"On *certiorari*, the Supreme Court will not ordinarily review matters not referred to in the arguments or briefs of counsel." *Sharp* v. *Sweeney,* 65 *Atl. Rep.* 859.

The questions raised by reasons numbered 11, 12, 14, 15 and 17 could only have been raised by an appeal from the assessment in question and cannot be thus raised by a writ of *certiorari*.

"When an attack is made upon an assessment on the ground that it is unfair, the Home Rule act of 1917 provides a remedy by appeal to the Court of Common Pleas. A dissatisfied owner must use this method before resorting to a writ of *certiorari*." *Graham* v. *Ocean City*, 98 *N. J. L.* 426.

The Home Rule act has been amended, since the decision in Graham *v*. Ocean City, so as to require an appeal to be taken to the Circuit, but otherwise remains unchanged. *Pamph. L.* 1925, *ch.* 71.

But we think that the prosecutors' writ should be dismissed because of laches.

It may be possible that in passing the ordinance in question or in entering into contracts with the county of Bergen,

the borough of Bergenfield did not strictly comply with the statutes relating to joint improvements, but nevertheless the writ should be dismissed because the prosecutors failed to attack the proceedings until after the improvement was completed and the assessment made. The ordinance was finally passed on April 28th, 1925; the prosecutors were notified of the passage of the ordinance on May 2d, 1925; the contracts were entered into with the county of Bergen in the month of April, 1925, and in the month of February, 1926; the improvement was completed on August 31st, 1926; notice of the hearing before the assessment commission was given on September 24th, 1926; the meeting of the assessment commissioners was held on October 4th, 1926, and was attended by both prosecutors, at which time they made no objection to the proceedings of the borough council preliminary to the making of the improvement. Both prosecutors also attended the hearing before the mayor and council at the time the assessment was confirmed and their only objection then was as to the unfairness of the assessment; this writ or *certiorari* was not obtained until January 12th, 1927.

The courts in New Jersey have repeatedly held that conduct of this sort on the part of objecting property owners precludes them from securing relief by *certiorari*. Thus, in a late case it was held that:

"Where public improvement work is allowed to proceed to completion without an assessable owner taking any steps to secure a review of the proceedings authorizing said work resulting in the expenditure of large sums of public money, the court will refuse to disturb the proceedings, although they are irregular." *Quinlan* v. *Cross, 3 N. J. Mis. R.* 781.

The writ will be dismissed, with costs.